# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Gail M. Hutto, Debra J. Andrews, Elizabeth W. Hodge, Margaret B. Lineberger, Lynn R. Rogers, Nancy G. Sullivan, Jane P. Terwilliger, Julian W. Walls, and all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) Civil Action No.: 4:10-cv-02018-JMC |
| v. | ) **ORDER AND OPINION** ) |
| The South Carolina Retirement System, the Police Officers Retirement System, the South Carolina Retirement Systems Group Trust, Mark Sanford, Governor of South Carolina, in his official capacity as *ex officio* Chairman of the South Carolina Budget and Control Board, Converse Chellis, Treasurer of the State of South Carolina, in his official capacity as an *ex officio* member of the South Carolina Budget and Control Board, Richard Eckstrom, Comptroller General of the State of South Carolina, in his official capacity as an *ex officio* member of the South Carolina Budget and Control Board, Hugh K. Leatherman, Chairman of the South Carolina Senate Finance Committee, in his official capacity as an *ex officio* member of the South Carolina Budget and Control Board, Daniel T. Cooper, Chairman of the South Carolina House of Representatives Ways and Means Committee, in his official capacity as an *ex officio* member of the South Carolina Budget and Control Board, Frank Fusco, in his official capacity as Executive Director of the South Carolina Budget and Control Board, and Peggy G. Boykin, in her official capacity as Director of the Retirement Division of the South Carolina Budget and Control Board, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This matter is before the court on Plaintiffs' Joint Motion for Reconsideration [Dkt. No. 45] the September 27, 2012, Order [Dkt. No. 43] dismissing Plaintiffs' complaint. The

procedural history and relevant facts of this case are set forth in detail in the court's Order and are incorporated herein.

A court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows either (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

Plaintiffs assert that the court erred in dismissing its claims for declaratory and injunctive relief against the individual Defendants serving in their official capacity. Specifically, Plaintiffs argue that the court made a clear error of law when it stated in a footnote that "[b]ecause Plaintiffs seek monetary damages, the claims against the individual Defendants are also barred." The court finds no error in its holding.

The doctrine espoused in *Ex parte Young*, 209 U.S. 123 (1908), provides that the Eleventh Amendment does not preclude private individuals from bringing suit against State officials for prospective injunctive or declaratory relief designed to remedy ongoing violations of federal law. However, "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (citations omitted). Moreover, "just because a private citizen's federal suit seeks declaratory injunctive relief against State officials does not mean that it must automatically be allowed to proceed under an exception to the Eleventh Amendment protection." *Bell Atl. Md., Inc. v. MCI Worldcom, Inc.,* 240 F.3d 279, 294 (4th Cir. 2001). Instead, the court "must evaluate the degree to which a State's sovereign interest would be adversely affected by a federal suit seeking injunctive relief against State officials." *Bragg v. W. Virginia Coal Ass'n*, 248 F.3d 275, 293 (4th Cir. 2001).

Plaintiffs' request for injunctive relief seeks "a preliminary and permanent injunction against Defendant's preventing from all time the enforcement of South Carolina Code sections

9-1-1790(C) and 9-11-90(4)(c) and compelling the immediate return of all monies that have been required to forfeit to the Retirement Systems since July 1, 2005." Complaint, ¶ 74 [Dkt. No. 1, at 17]. In seeking the return of funds paid into the Retirement System, and in seeking to bar the enforcement of S.C. Code Ann. §§ 9-1-1790 (C) and 9-11-90(4), which require Plaintiffs to pay into the Retirement System, Plaintiffs' requested relief is undeniably monetary. Furthermore, the declaratory and injunctive relief sought would withdraw funds from or deny funds to the Retirement System. Such actions would ultimately impact the State treasury, thereby implicating the immunity from suit provided for by the Eleventh Amendment.

For the foregoing reasons, the court **DENIES** Plaintiffs' Joint Motion for Reconsideration [Dkt. No. 45].

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 4, 2013
Florence, South Carolina